IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-116-D
No. 7:18-CV-181-D

| | |
|---|---|
| DERRICK TYRONE INGRAM, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On October 9, 2018, Derrick Tyrone Ingram ("Ingram" or "petitioner") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 114-month sentence [D.E. 1234]. On April 24, 2019, the government moved to dismiss Ingram's motion [D.E. 1399] and filed a memorandum in support [D.E. 1400]. On May 10, 2019, Ingram moved to amend his section 2255 motion [D.E. 1405]. On July 2, 2020, Ingram moved to expedite [D.E. 1513]. As explained below, the court grants Ingram's motion to amend, grants the government's motion to dismiss, dismisses Ingram's section 2255 motion, and dismisses as moot Ingram's motion to expedite.

I.

On June 20, 2017, pursuant to a plea agreement, Ingram pleaded guilty to conspiracy to distribute and possess with intent to distribute a quantity of cocaine and a quantity cocaine base (crack). See [D.E. 566, 1366]. On October 13, 2017, the court held Ingram's sentencing hearing. See [D.E. 758]. The court adopted the facts set forth in the Presentence Investigation Report ("PSR"), and calculated Ingram's advisory guideline range to be 151 to 188 month's imprisonment based on a total offense level 29 and criminal history category VI. See PSR [D.E. 730] at ¶ 67;

Sentencing Tr. [D.E. 1367] at 2–5. After granting the government's downward departure motion and considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Ingram to 114 months' imprisonment. See Sentencing Tr. at 18–24. Ingram did not appeal.

In Ingram's section 2255 motion, Ingram contends that his counsel was constitutionally ineffective by failing to ensure that Ingram saw the PSR seven days before his sentencing and by failing to object to Ingram's career-offender status. See [D.E. 1234] 4–5; [D.E. 1411]; cf. Fed. R. Crim. P. 32(g) (requiring the probation officer to submit the PSR to the court and the parties seven days before the sentencing hearing).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See,

2

e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Ingram must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty and

3

then attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

As for prejudice arising from alleged deficient performance at sentencing, a defendant must prove the existence of a reasonable probability that the defendant would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 956 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Where counsel's error resulted in an improper guideline calculation, the error "can, and most often will be sufficient" to satisfy the defendant's burden as to prejudice. See Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); Carthorne, 878 F.3d at 469–70. However, if the district court announces a substantively reasonable alternative, variant sentence independent of the advisory guideline calculation, there is no prejudice. See, e.g., Molina-Martinez, 136 S. Ct. at 1346–47; Feldman, 793 F. App'x at 173–74.

As for trial counsel's alleged failure to show the PSR to Ingram seven days before the sentencing hearing, the claim fails as to performance and prejudice. During Ingram's Rule 11 proceeding, Ingram swore that he discussed the PSR with his counsel. See Sentencing Tr. at 4; cf. Fed. R. Crim. P. 32(i)(1)(A) ("At sentencing, the court must verify that the defendant and defendant's attorney have read and discussed the presentence investigation report and any addendum

4

to the report."). Ingram's sworn statement binds him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Moreover, Ingram has failed to plausibly allege that even if the probation officer had submitted the revised PSR to the parties seven days before his sentencing hearing, that he would have raised any valid objection to the PSR that would have resulted in a lower sentence. Accordingly, Ingram has not plausibly alleged "that, but for counsel's [alleged] unprofessional error[s], the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Dyess, 730 F.3d at 354; Estrich v. United States, No. 3:13-CR-160, 2018 WL 3428151, at *4 (W.D.N.C. July 16, 2018) (unpublished). This conclusion concerning a lack of prejudice applies with particular force in this case due to the court's alternative variant sentence. See Sentencing Tr. at 22–23; United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012).

As for Ingram's attack on counsel's performance concerning his status as a career offender, Ingram had the requisite predicate convictions under U.S.S.G. § 4B1.1 when he was sentenced. See PSR at ¶¶ 22–23; U.S.S.G. §§ 4B1.1, 4B1.2(c); Lee v. United States, No. 7:07-CR-79-D, 2013 WL 5561438, at *3 (E.D.N.C. Oct 8, 2013) (unpublished). Thus, there was no deficient performance. Cf. Carthorne, 878 F.3d at 467–69. Alternatively, in light of this court's alternative variant sentence, regardless of the career-offender calculation, there was no prejudice. See, e.g., Molina-Martinez, 136 S. Ct. at 1346–47; Feldman, 793 F. App'x at 173–74.

After reviewing the claims presented in Ingram's motions, the court finds that reasonable jurists would not find the court's treatment of Ingram's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38

5

(2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court, GRANTS Ingram's motion to amend [D.E. 1405], GRANTS the government's motion to dismiss [D.E. 1399], DISMISSES Ingram's section 2255 motion [D.E. 1234], DISMISSES as moot Ingram's motion to expedite [D.E. 1513], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 14 day of August 2020.

JAMES C. DEVER III
United States District Judge